### COHEN et al. v. MARGULIES.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. FRAUDS, STATUTE OF (§ 138*) — LIABILITY FOR RENT — OCCUPANCY UNDER VOID LEASE.

One who enters into possession of premises under a void parol lease is liable for the stipulated rent, at least during the time of his occupancy.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 327–333; Dec. Dig. § 138.*]

2. LANDLORD AND TENANT (§ 185*)—LIABILITY FOR RENT—OCCUPANCY UNDER VOID LEASE.

A lessee under a parol lease for three years, to commence February 15th, did not, by requesting a change in certain alterations, which the lessor was making in the premises prior to that date, and when the premises concededly were not ready for occupancy, obtain such constructive possession of the premises as made him liable for one month's rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 751–754; Dec. Dig. § 185.*]

3. LANDLORD AND TENANT (§ 18*)—LEASE—EVIDENCE.

Where a check given by a lessee under a void parol lease for three years was given as a deposit thereunder, and not as an aliquot payment of rent, the making of a valid lease for a shorter period could not be implied from the giving thereof, if any payment would be material in the absence of occupancy under the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 45–48; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Cohen and another against Samuel Margulies. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jacob Rieger, of New York City, for appellant.
Louis Levene, of New York City, for respondents.

LEHMAN, J.   The plaintiffs have recovered a judgment for rent of certain premises owned by them for the month beginning February 15, 1913.   It appears from plaintiffs' own story that on the 14th of January the parties made a parol contract for a three years' lease of the premises at a monthly rental of $130, and that the defendant was to take possession on February 15th.   At that time the defendant gave his check for $50 as a deposit on the lease.   The plaintiffs were making certain alterations on the premises, and contractors were "working on a double store front."   The defendant said he wanted just one window, which alteration would be satisfactory, and the plaintiffs stopped the double front, and told the contractors to go ahead and make a single front window.   No written lease was ever made thereafter, the deposit check was not paid, and the defendant never thereafter assumed actual possession of the store.

Upon these facts the defendant moved to dismiss the complaint, but the trial justice gave judgment in favor of the plaintiffs.   The plaintiffs, of course, do not claim that the parol lease for three years was valid or binding; but they do claim, and the trial justice has apparently held, that the defendant assumed constructive possession of the premises, and thereby made himself liable as a monthly tenant for the first month's rent.

[1] In numerous cases in our courts the rule has been laid down that, where one enters into possession of premises under a void parol lease, the lessee is liable to pay the rent at least during the time of his occupancy at the stipulated rent.   In all these cases, however, the lessee went into possession under the void lease, and in most of the cases the lessee paid an installment or aliquot part of the rent agreed upon.

[2] In this case, however, the defendant did neither of these acts.   At the time he said he wanted a single front window, and the plaintiffs gave orders to make this alteration, the parties had agreed that the defendant was to take possession of the premises only on February 15th, and the premises were concededly not ready for occupancy at that time.   The circumstances are such that it cannot possibly be inferred that at that time the lessors intended to, or did, deliver control or possession of the premises to the lessee, or that the lessee intended or did accept such control or possession.   On the contrary, it clearly appears that possession was to be given and rent paid only from February 15th, and on that day the lessors were in free and undisputed control of the premises.

[3] So far as the giving of the check for $50 is concerned, even if any payment would be material in the absence of occupancy under the lease, the payment in this case is clearly immaterial.   The check was given as a deposit under a void lease, and not as an aliquot payment of rent, from which the making of a valid lease for a shorter period could possibly be implied.

Judgment should therefore be reversed, with costs, and complaint dismissed, with costs.   All concur.